972 F.2d 1355
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Raymond R. BERG, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3160.
 United States Court of Appeals, Federal Circuit.
 June 12, 1992.
 
 Before RICH, PAULINE NEWMAN and LOURIE, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 For the following reasons, we reverse the denial of Raymond R. Berg's petition to change the beneficiary designation for his survivor annuity benefit, Merit Systems Protection Board, Docket No. DA08319110428.
 
 Background
 
 2
 Mr. Berg, on retiring from federal service in 1976, elected to receive a reduced retirement annuity so that his spouse, Marjorie, would receive a survivor annuity benefit. In April 1981 Mr. Berg and Marjorie were divorced. On April 20, 1981 Mr. Berg wrote to OPM requesting restoration to full annuity status. On May 18, 1981, Mr. Berg married his current wife, Linda. Mr. Berg stated that he wrote to OPM on June 23, 1981, requesting that Linda be designated the beneficiary of his survivor annuity, and that he not be restored to full annuity status. OPM states that it never received the June 23 letter.
 
 
 3
 On July 22, 1981 OPM responded to Mr. Berg's April 20 letter, requesting information relating to the termination of his marriage to Marjorie. OPM's letter was mailed to the Ohio address of Mr. Berg's April 20 letter. Meanwhile, the Bergs had moved to Louisiana. Mr. Berg states that he informed OPM of this move. Although the parties dispute whether Mr. Berg received the July 22 letter, Mr. Berg states that he believed that the requested change of beneficiary had been routinely implemented, for OPM continued to make survivor annuity deductions, as he requested in his June 23 letter, and the reduced annuity continued to be paid, apparently to the Louisiana address.
 
 
 4
 OPM sent no further notice related to Mr. Berg's request. OPM states that it regularly mails to annuitants general notices on survivor annuity election procedures, and Mr. Berg states that he received such notices.
 
 
 5
 In 1991 Mr. Berg learned, on inquiry to OPM, that no change had been made in the designation of his survivor beneficiary, and that Marjorie was still listed as beneficiary. Mr. Berg requested that Linda be listed as the beneficiary. OPM denied this request as untimely. OPM stated, however, that it would remove the survivorship election, retroactive to the time of the divorce, and refund the amount by which his annuity had been reduced. Mr. Berg objected, stating that he wished to retain the survivorship benefit. On appeal, the Board held that Mr. Berg had not changed his beneficiary designation within one year of his remarriage, as required by 5 U.S.C. § 8339(j)(1), and could not now do so. The Board held that waiver of this time limit, although permitted, Davies v. OPM, 5 M.S.P.R. 199 (1981), is not warranted in this case because the general notices sent by OPM and received by Mr. Berg had adequately informed him of the one-year time limit.
 
 Discussion
 
 6
 Mr. Berg states that since he received no correspondence from OPM in response to either his April 20, 1981 or June 23, 1981 letters, and since his retirement annuity remained reduced, he assumed that OPM had acted on his request to substitute Linda as the survivor annuity beneficiary.
 
 
 7
 OPM argues to this court, in support of its refusal to accept Mr. Berg's statement that he notified OPM in June 1981 of his remarriage, that Mr. Berg "offered no testimony under oath as to when, where and how he sent OPM the alleged June 1981 letter." This appears to be the first mention by OPM of a requirement that sworn testimony of "when, where and how" was needed in order to achieve the requested waiver. The fundamental question, however, is whether Mr. Berg's explanation is credible and reasonable. The OPM in its brief discounts Mr. Berg's April 20, 1981 letter, to which OPM responded to the wrong address. The OPM gives no weight to Mr. Berg's having on June 23, 1981 notified the agency that administered his health insurance of his remarriage, as confirmed by an August 3, 1981 letter from the agency to Mr. Berg, with a copy to OPM, referencing his June 23 letter and referring to his "new wife". Berg states that he wrote to OPM about his new wife's annuity situation at the same time that he wrote concerning his new wife's health insurance situation. His arguments are reasonable and credible. There is no reason to disbelieve his assertion that he notified OPM of his remarriage, where record documents show that he notified another agency of his remarriage, and two months earlier had written to OPM about his annuity before his remarriage.
 
 
 8
 Further, it has not been shown that a waiver of the time limit would prejudice the agency. OPM is authorized to waive apparent untimeliness in order to achieve reasonable and just application of the CSRA. This is such a case, and indeed OPM offered to act retroactively on Mr. Berg's April 20, 1981 request by refunding the ensuing years of reductions in annuity payments. However, Mr. Berg's wish to continue the survivorship option is entitled to preference over OPM's alternative remedy. Although we think that Mr. Berg, with hindsight, could have acted differently, his actions were not unreasonable in view of OPM's actions. It is important that Mr. Berg, having served his government for his entire working life, earned the annuity, including the survivorship aspect. It is the annuitant's choice, not OPM's, as to whether the annuitant shall receive a reduced annuity with survivorship right. We conclude that OPM exceeded its discretionary authority in refusing to continue the survivorship annuity with the correct designation of beneficiary.